WICKFORD SAVINGS BANK *vs.* ISAAC S. COREY *et al.*

WASHINGTON—JUNE 4, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Interpleader. Gifts.*

In order to secure a certain fund in bank, the mother and father of X. had a writ issued on a claim for board. A settlement was made allowing a certain sum to be paid in money, and the balance was deposited in the name of the mother of X. A pass-book was issued to her, and the book of X. was surrendered to the bank. The deposit remained for fifteen years under her full control, and X. never demanded either principal or interest.

On interpleader between X. and the executor of the estate of the mother,

X. claiming that the fund was placed with his mother for safe keeping:—

*Held,* that the facts were sufficient to establish either a gift or payment of the fund to the mother by X.

(2) *Interpleader.. Trusts. Evidence.*

Where letters are relied upon to establish a trust, they must identify the property and disclose the terms of the trust.

INTERPLEADER. Heard on bill, answers, and proof.

STINESS, C. J. The question raised on this bill of interpleader is whether a bank deposit belongs to the respondent Isaac S. Corey, or to the estate of his mother, Mary Rathbun. In 1886, Isaac Corey had $642.14 on deposit in the complainant bank, $582 of which was turned over to his mother's account and a pass-book issued to her, Isaac surrendering his book to the bank receipted in full. The deposit remained in the mother's name, and she had the possession of the book, to the time of her death. These facts are not disputed, but it is claimed that Isaac Corey had been under guardianship in Massachusetts, but released therefrom just before the transfer, and that the purpose of the transfer was for safe keeping and to keep his wife and her friends from drawing it.

In order to secure the fund the father and mother of Isaac had a writ issued on a claim for board, which was served on the bank. A settlement was then made, allowing $60.14 to be paid in money and the remaining $560 to be deposited in the mother's name. This sum, with accumulated dividends, is claimed by Isaac as fund held in trust for him by his mother. We do not think this claim can be maintained.

The deposit was fully transferred to the mother. For fifteen years she held it under her full control, and Isaac never demanded either principal or interest.

Treated as a gift or payment, it would be complete.

Isaac Corey claims that it should not be treated as a gift or payment. Testimony on his behalf tends to show that the understanding at the time of the change of deposit was that it was to be his, and that the purpose of the change was to keep it out of the hands of a guardian if one should be ap-

pointed.   Mrs. Rathbun also had a separate account in the bank.

On the other side is testimony that the mother stated to her executor, shortly before her death, that the deposit was turned over to her in settlement for a debt for board, the claim for which the deposit was attached; that she referred to the bank books as her own and told the executor where to find them.

(2)  Isaac Corey also relies on a letter from his mother as an admission of his ownership of the fund and as a recognition of trust.

The words of the letter relating to this matter are: "Dear Son, you spoke of coming home to see us.   If you need any of that money you must send me word and I will try and send you some.   I don't intend to use any of it.   Its only to have it for you."

While this language is consistent with the claim made by Isaac, is does not establish it.   The words "I don't intend to use it," imply a power and right to use it as much as they imply a trust.   They show a private intention not to use it but to save it for him, but they do not disclose a trust to that effect.   The words "that money" may refer to the deposit transferred or they may refer to other money.

The rule laid down in *Taft* v. *Dimond*, 16 R. I. 584, was that where letters are relied upon to establish a trust they must identify the property and disclose the terms of the trust.

We are unable to say, either from the oral or written testimony, that Mrs. Rathbun held this deposit in any way for her son.   The facts of an attachment and settlement, the subsequent conduct of the parties in regard to the deposit, and the uncertainty of the terms of the letter, fail to show that there was not a complete gift or payment, or that there was an express trust.

On the contrary, we think the inferences are in favor of the mother's sole ownership.

We therefore decide that the fund in question should be paid to the executor of Mary Rathbun.

*S. W. K. Allen and Thomas F. I. McDonnell,* for parties respondent.